UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETA BIANCO,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS REHABILITATION,<br><br>Defendants. | Case No. CV 18-3793-JGB (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Violeta Bianco ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging defendant California Department of Corrections [and] Rehabilitation ("CDCR") violated her constitutional rights. As discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///
///

## II.
## **ALLEGATIONS IN THE COMPLAINT**

On April 30, 2018, Plaintiff, an inmate at California Institution for Women in Corona, California, constructively filed[1] a complaint ("Complaint") pursuant to Section 1983. Dkt. 1, Compl.[2] Plaintiff names a single defendant, CDCR. Id. at 3.

Plaintiff alleges CDCR has been "negligently, cruel against [Plaintiff's] weight." Compl. at 3. Plaintiff further alleges on "November 2016 thru July 2017," during the initial intake process, she informed custody staff regarding "bullet and fragments in right side of pelvic area plus 6 C-sections which numb [Plaintiff's] right leg," "anemia caused by . . . severe dysmenhorrhea merroghia, menstrual migraines plus obesity," but was "denied bottom bunk because there were none at the time." Id. at 5. Plaintiff claims she suffered injuries after falling off the top bunk. Id. at 8. She further alleges she was denied medical attention and advised by staff members that her "pain was in [her] head." Id.

Plaintiff seeks payment of her medical bills, medical treatment, and $300,000.00. Id. at 6.

## III.
## **STANDARD OF REVIEW**

As Plaintiff is a prisoner who has filed a civil action against a governmental entity and is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] The Court refers to the pages of the Complaint as if the Complaint were consecutively paginated.

1915(e)(2)(B); 28 U.S.C. § 1915A(a)-(b); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90

(9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. THE ELEVENTH AMENDMENT BARS CLAIMS AGAINST DEFENDANT CDCR

**(1) APPLICABLE LAW**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether a plaintiff "seek damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102.

In the prisoner context, a state agency responsible for the incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.

4

See Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam) (finding a suit against a state's Board of Corrections is barred by the Eleventh Amendment). The Ninth Circuit has specifically held that CDCR is a state agency entitled to immunity under the Eleventh Amendment. Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009); Stroman v. California Dep't of Corr. & Rehab., No. CIV. 2:14-524 WBS, 2014 WL 2208174, at *1 (E.D. Cal. May 28, 2014) ("In the context of prisoner lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is immune from suit under the Eleventh Amendment.").

There is a narrow exception to Eleventh Amendment immunity for suits against a state official in her official capacity seeking prospective injunctive relief. Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). While generally a suit against an official in her official capacity "is, in all respects other than name, to be treated as a suit against the entity," id. at 166, "official-capacity actions for prospective relief are not treated as actions against the State." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n.10, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Thus, a plaintiff may seek prospective injunctive relief in federal court against a state official in her official capacity to prohibit implementation of a state policy or custom that violates that plaintiff's constitutional rights. Graham, 473 U.S. at 167, n.14 (citing Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)). A plaintiff must show the policy or custom is "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); see also Graham, 473 U.S. at 167, n.14.

**(2) ANALYSIS**

Here, Plaintiff has named a single defendant, CDCR. CDCR is a state agency responsible for the incarceration and rehabilitation of inmates in California.

5

Hence, because the Eleventh Amendment bars Plaintiff from bringing claims against a state agency, the claims against CDCR must be dismissed.

In addition, even if Plaintiff had named the appropriate state official in her official capacity, Plaintiff fails to identify a state policy or custom that was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." See Trevino, 99 F.3d at 918. Therefore, any official capacity claims would also fail to state a claim for relief.

## V.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiency discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will

treat all preceding complaints as nonexistent.  Id.  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

      2.     Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

      The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to allege insufficient facts to state a claim.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.

      **Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  June 07, 2018

                        HONORABLE KENLY KIYA KATO
                        United States Magistrate Judge